Steven J. Serbalik, Bar No. 028191
**STEVEN J. SERBALIK, P.L.C.**
4925 E. Desert Cove Ave Unit 116
Scottsdale, Arizona 85254
Telephone: (480) 269-1529
steveserbalik@gmail.com
*Attorney for Plaintiffs Aaron Cross and the*
*Arizona Conference of Police and Sheriffs, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Cross, individually and the Arizona Conference of Police and Sheriffs, an Arizona nonprofit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Chris Nanos, in his official capacity as Sheriff of the Pima County Sheriff's Department; Joseph Cameron, in his official capacity as Chief of Staff of the Pima County Sheriff's Department.<br><br>Defendants. | NO.<br><br>**VERIFIED COMPLAINT AND PETITION FOR A PRELIMINARY INJUNCTION** |

Plaintiff's Aaron Cross and the Arizona Conference of Police and Sheriffs ("AZCOPS") (collectively where appropriate the "Plaintiffs") for their Complaint against Chris Nanos and Joseph Cameron (collectively where appropriate the "Defendants") allege as follows:

## JURISDICTIONAL ALLEGATIONS

1. Jurisdiction is appropriate pursuant to 28 U.S.C. §1331 because Plaintiffs bring this action pursuant to 42 U.S.C. §1983 and the First and Fourteenth Amendments of the United States Constitution. This Court also has supplemental and/or pendent

jurisdiction over state constitutional, common law and statutory claims pursuant to 28 U.S.C. §1367.

2. This Court has jurisdiction of Plaintiffs' federal law claims pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1988. Additionally, this Court has jurisdiction over Plaintiffs' state and federal claims pursuant to Article 6, Section 14 of the Arizona Constitution. Plaintiffs seek injunctive relief.

3. Venue is proper in this Court pursuant to A.R.S. §12-401 and 28 U.S.C. §1391 as the parties are residents and entities of Pima County and the events underlying this lawsuit occurred in Pima County, an area wholly within the District of Arizona. All parties are residents of and/or are doing business in Arizona.

## **GENERAL ALLEGATIONS**

4. Plaintiffs reallege and incorporate, by this reference, their claims, facts and allegations in the paragraphs above as if set forth fully therein.

5. Defendant Chris Nanos is the duly-elected Sheriff of Pima County, with the ultimate authority and responsibility to establish policy, practices, customs, procedures, protocols and training for the Pima County Sheriff's Department ("PCSD") as an official policymaker. As the elected Sheriff, Nanos has official, vicarious, direct and supervisory liability of the PCSD's officers, agents and employees.

6. Defendant Joseph Cameron is responsible for internal affairs ("IA") at PCSO. In this role, he directs interviews related to IA investigations, transmits reports and recommendations to Sheriff Nanos and other officials in Pima County, who rely upon his actions and recommendations in deciding on disciplinary actions and policy interpretations.

7. Plaintiff AZCOPS is a statewide organization dedicated to fair representation of law enforcement officers located around the State of Arizona. Plaintiff Cross is an AZCOPS member, and AZCOPS therefore provides Plaintiff Cross with legal representation and incurs costs and fees associated with this representation.

## ALLEGATIONS COMMON TO ALL COUNTS

**Aaron Cross's Employment with the Pima County Sheriff's Department**

8. Plaintiff Aaron Cross is a Pima County Sergeant and state-certified peace officer.

9. On April 20, 2024, Plaintiff Cross participated in an interview on a local radio show on KVOI AM1030.

10. Plaintiff Cross' comments on the radio show were made exclusively in his private, personal capacity.

11. At no time relevant to this Complaint did Plaintiff Cross serve as a Pima County or PCSD spokesman.

12. During the radio show interview, Plaintiff Cross discussed union issues in his role as the Pima County Deputy Organization ("PCDO") President.

13. Plaintiff Cross answered the radio host's questions on topics including the reasons why he started the organization, what differentiates it from other unions, and his and his members concerns regarding how the department is being run.

14. Plaintiff Cross' statements in the interview were not associated with any ongoing investigations and did not violate any admonishment from PCSD.

15. On April 23, 2024, Sergeant Eric Cervantez responded to the Internal Affairs Unit to lodge a complaint against Plaintiff Cross stemming from his radio show interview.

16. Sergeant Cervantez is the President of the Pima County Deputy Sheriff's Association, the other labor group discussed by the host of the radio show.

17. On or about April 24, 2024, the PCSD initiated an internal investigation ("KVOI Investigation").

18. The Notice of Investigation states that Plaintiff Cross was "alleged to have made untruthful and negative remarks about an employee organization on a public forum which aired on the "Law Matters" podcast." A copy of the Notice of Investigation is attached as Exhibit A, and incorporated into this Verified Complaint as if it were fully recounted herein.

19. On or about April 24, 2024, Plaintiff was informed he was scheduled for an IA interview, as a condition of his employment, as part of the KVOI investigation.

20. On April 26, 2024, Plaintiff Cross sent a email to Jill Isely and Joseph Cameron at the PCSD requesting the interview be cancelled, stating that he believed the KVOI investigation and interview violated his First Amendment rights. A copy of this email is attached as Exhibit B, and incorporated into this Verified Complaint as if it were fully recounted herein.

21. On April 29, 2024, Counsel for Plaintiff Cross sent a letter to Sheriff Nanos and Pima County Attorney Laura Conover informing them of the First Amendment rights implications of the KVOI investigation and interview on both Plaintiff Cross and his membership. A copy of this letter is attached as Exhibit C, and incorporated into this Verified Complaint as if it were fully recounted herein.

22. Despite the email and letter regarding Plaintiff Cross' First Amendment rights, Chief Cameron proceeded with Plaintiff Cross' interview on April 29, 2024, creating a chilling effect on Plaintiff Cross' and AZCOPS members First Amendment rights. As part of this interview, Defendants Nanos and Cameron ordered that Plaintiff Cross be "admonished" from speaking about the KVOI investigation and the interview Plaintiff Cross provided, further impacting Plaintiff Cross's First Amendment rights. Defendants further ordered Plaintiff Cross to answer questions - on the penalty of job forfeiture - as to who he speaks with in his role as the President of a labor organization.

23. Without this Court's intervention, PCSD will proceed with the KVOI investigation, including subjecting Plaintiff Cross to possible employment action in retaliation for his speaking off-duty on a matter of public concern, further damaging and chilling Plaintiff Cross' First Amendment rights.

24. Because the vast majority of PSCO Deputies are members of Plaintiff AZCOPS, the KVOI investigation would have a further chilling effect on the ability of AZCOPS members to exercise their First Amendment rights to comment on matters of public concern.

**Damages to Plaintiffs**

25. Plaintiff Cross suffered and continues to suffer chilling effects on his right to speak regarding matters of public concern.

26. Plaintiff AZCOPS will have thousands of dollars in legal costs and fees to represent Plaintiff Cross in an improper IA investigation that does not respect the Federal and Arizona Constitutional rights of its members.

27. Plaintiffs' fear that, without this Court's intervention, Defendants will continue to inflict harm upon them by prohibiting Plaintiff Cross from speaking on matters of public concern, and by wrongfully disciplining Plaintiff Cross without respecting his constitutional rights to speak on matters of public concern.

## COUNT I

## 42 U.S.C. §1983 - Violation of Federal Constitutional Rights

28. Plaintiffs reallege each and every allegation set forth in the paragraphs above and incorporate each allegation by this reference.

29. Plaintiff Cross has the constitutional right to be free from a deprivation of a protected interest (his right to speak on matters of public concern) without due process of law.

30. Unless otherwise specified, Defendants were at all material times acting under the color of law and in their capacity as officials and agents of their respective government agencies.

31. Defendant Nanos intentionally or recklessly allowed an investigation and potential discipline action against Plaintiff Cross that deprived Plaintiff Cross of the ability to contribute to conversations related to matters of public concern, and failed to consider or understand the First Amendment right to freedom of speech on matters of public concern.

32. Defendant Cameron intentionally or recklessly engaged in an investigation and potential discipline action against Plaintiff Cross that deprived Plaintiff Cross of the ability to contribute to conversations related to matters of public concern, and failed to

consider or understand the First Amendment right to freedom of speech on matters of public concern.

33. Plaintiff Cross and AZCOPS will face further damages and chilling effects if Defendants are allowed to proceed with the KVOI investigation.

34. The lack of a meaningful consideration of the Federal constitutional concerns will cause actual damages to Plaintiffs in the form of time and money that will be expended to defend against a procedurally deficient process and investigative result.

35. Defendants wrongful conduct as referenced in this Complaint constitute violations of the United States Constitution, including, but not limited to, Amendments I and XIV, in that Plaintiffs were deprived of privileges and immunities guaranteed to all citizens of the Untied States by being categorically deprived of their ability to participate in speech related to matters of public concern, without proper cause, with an unconstitutional motive and malice, without equal protection and without substantive and procedural due process.

36. Defendants' wrongful conduct both actually and proximately caused damage to Plaintiff in the form of attorneys fees in an amount to be determined by the Court.

## COUNT II

**Arizona Constitution Art. 2, §6 - Violation of State Constitutional Rights**

37. Plaintiffs reallege each and every allegation set forth in the paragraphs above and incorporate each allegation by this reference.

38. Unless otherwise specified, Defendants were at all material times acting under the color of law and in their capacity as officials and agents of their respective government agencies.

39. Defendants initiated and took part in the internal investigation against Plaintiff Cross.

40. The internal investigation against Plaintiff Cross failed to consider his right to participate in speech related to matters of public concern, and contained no analysis of the protections contemplated in the Arizona Constitution - particularly Art. 2 §6 - which

states - "Every person may freely speak, write, and publish on all subjects, being responsible for the abuse of that right."

41. Defendants' wrongful conduct both actually and proximately caused damages to Plaintiffs in the form of attorneys fees in an amount to be determined by the Court.

## COUNT III

### Negligence and Gross Negligence

42. Plaintiffs reallege each and every allegation set forth in the paragraphs above and incorporate each allegation by this reference.

43. Unless otherwise specified, Defendants were at all material times acting under the color of law and in their capacity as officials and agents of their respective government agencies.

44. Defendants owed a duty to Plaintiff Cross to use care to avoid or prevent harm caused by improperly conducting an internal investigation.

45. Defendants owed a duty to Plaintiff Cross to ensure that his rights to participate in speech in his capacity as a private citizen on matters of public concern were protected before subjecting him to an interview and pursuing an internal investigation against him with the threat of potential disciplinary action.

46. Defendants breached their duties by conducting an incompetent and illegal interview with Plaintiff Cross.

47. Defendants breached their duties by continuing an illegal investigation into Plaintiff Cross after they were advised, in writing, that this investigation had a chilling effect on Plaintiff Cross' rights to speak on matters of public concern.

48. Defendants' breach both actually and proximately caused damage to Plaintiffs in the form of attorneys fees in an amount to be determined by the Court.

### PETITION FOR A PRELIMINARY INJUNCTION

49. Plaintiffs reallege each and every allegation set forth in the paragraphs above and incorporate each allegation by this reference.

50. Upon information and belief, Defendants intend to proceed with the internal investigation into Plaintiff Cross and cause him to face potential discipline based on the allegations against Plaintiff Cross.

51. Without preliminary relief, Plaintiffs would incur substantial hardship, including additional costs, the exposure of legal strategies, and a deficient appeal process that would materially harm their protected interests.

52. For these reasons, as well as those set forth in the accompanying Motion, Plaintiffs respectfully request that the Court enjoin Defendants from taking any further adverse actions against Plaintiff Cross or any member of Plaintiff AZCOPS until the Court can address the procedural an substantive concerns raised in this Complaint.

53. Although legal service of this Complaint and Petition is pending, Defendants were provided with actual electronic copies of the Complaint and Motion for a Preliminary Injunction via email immediately after this document was filed with the Court.

## **PRAYER FOR RELIEF**

Plaintiffs pray for judgment against the Defendants as follows:

(a) For attorneys fees arising from Procedural Due Process violations in an amount to be determined by the Court;

(b) For attorneys fees arising from Substantive Due Process violations in an amount to be determined by the Court;

(c) For attorneys fees arising from Negligence in an amount to be determined by the Court;

(d) General damages in an amount to be proved at trial, including but not limited to damages to reputation, emotional distress, lost profits, deprivation of constitutional rights, humiliation, and attorney's fees;

(e) Cost and attorneys' fees as may be allowed by law and 42 U.S.C. §1988;

(f) Interim and permanent injunctive relief to remedy past violations and to prevent further violations of Plaintiffs' rights; and

(g)   Such other and further relief which is just and reasonable.

## JURY TRIAL DEMANDED

Plaintiffs request a jury trial as appropriate.

RESPECTFULLY SUBMITTED this 1st day of May, 2024.

STEVEN J SERBALIK, P.L.C.

By:   /s/Steven J. Serbalik
Steven J. Serbalik
4925 E. Desert Cove Ave #116
Scottsdale, Arizona 85254
*Attorney for Plaintiffs Aaron Cross and the Arizona Conference of Police and Sheriffs, Inc.*

### Verification of Aaron Cross

I, Aaron Cross, under penalty of perjury, have read this Verified Complaint, and I avow that the items listed herein for which I have personal knowledge are true and accurate to the best of my knowledge.

Aaron Cross

State of Arizona
County of Pima

This instrument was acknowledged before me on this 1 day of May, 2024, by Aaron Cross
In witness whereof I herewithin set my hand and seal.

_____ Notary Public



ALEK MAIN
NOTARY PUBLIC - STATE OF ARIZONA
COMMISSION # 630280
PIMA COUNTY
My Comm. Expires June 14, 2026

CamScanner